**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES FISHER,

    Plaintiff,

vs.                                    CASE NO.  3:11-cv-219-J-99TJC-TEM

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
c/o MR. SAPP,

    Defendants.
_____

**O R D E R**

This case is before the Court on Plaintiff's request to proceed *in forma pauperis*, as stated in the filed affidavit of indigency (Doc. #3), and Plaintiff's Motion for Warrant (Doc. #2), both of which were filed on March 8, 2011.  The Court will construe the affidavit of indigency as a motion for its consideration.  Both motions are ripe for the Court's ruling.

Plaintiff seeks the arrest of "Mr. Sapp" for alleged kidnaping, false imprisonment and obstruction by false information(Doc. #2).  Plaintiff has attempted to bring a civil action.  There is no basis for an arrest warrant.

Upon examination of the affidavit (Doc. #3), and the complaint (Doc. #1), as required under Title 28, United States Code, Section 1915, the Court has determined this case may be subject to dismissal.  When an application to proceed *in forma pauperis* is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  The Court notes that Plaintiff is currently

proceeding in this matter on a *pro se* basis.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, the Court is empowered with the discretion to dismiss the action, *sua sponte*, if it is frivolous or malicious. *See id.* A suit is frivolous where it "lacks an arguable basis either in law or in fact." *Id.* at 325.

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Eleventh Circuit has indicated that courts should permit a *pro se* litigant who is seeking *in forma pauperis* status the opportunity to amend a deficient complaint before dismissing pursuant to § 1915 for failure to state a claim. *Troville v. Venz*, 303 F.3d 1256, 1260, n. 5 (11th Cir. 2002).

While the affidavit of indigency reveals Plaintiff does not have sufficient resources to commence and conduct the litigation, a review of the complaint shows Plaintiff has failed to state a valid claim upon which relief might be granted. Federal courts are courts of limited jurisdiction. Although the complaint invokes the Court's jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1331, no federal law is identified as a basis for the suit (Doc. #1 at 2). Plaintiff merely states he is pursuing a claim for "sexual harassment" (Doc. #1 at 2). Given the Defendants named in this case, it appears to the Court that Plaintiff may be attempting to state a cause of action under 42 U.S.C. § 1983.

The complaint, however, fails to assert sufficient facts for an actionable claim upon which relief might be granted under section 1983.

Plaintiff asserts that, on or about March 1, 2011, Plaintiff's alleged same-sex spouse, Ian Andino (Mr. Andino), attended his monthly appointment with his probation officer, Defendant Sapp (Doc. #1 at 3). Defendant Sapp allegedly told Mr. Andino that "[Mr. Andino's] girlfriend is a male" (Doc. #1 at 3). Apparently, this was "not news" to Mr Andino; however, Mr. Andino has "emotional problems" and he became upset (Doc. #1 at 3). After his return home, Plaintiff had to "quiet him down" (Doc. #1 at 3). Plaintiff complained about the incident to Defendant Sapp's supervisors without success (Doc. #1 at 3). On March 2, 2011 after Plaintiff informed Defendant Sapp's supervisor of his intent to file a complaint in federal court, Defendant allegedly moved Mr. Andino against Mr. Andino's will to "a place where [there] is people shooting each other and drugs on every corner–thereby endangering [Mr. Andino's] life" (Doc. #1 at 3).

As an initial matter, Plaintiff does not specify whether based on the alleged facts, he asserts a claim based on his own behalf or on behalf of Mr. Andino. Plaintiff merely states that this is "a clear case of sexual harassment" (Doc. #1 at 2). Giving Plaintiff every benefit of the doubt, the Court will consider Plaintiff's complaint under both the perspective of a claim filed on behalf of Plaintiff and a claim filed on behalf of Mr. Andino.

With respect to any claims Plaintiff wishes to assert on behalf of Mr. Andino, federal courts allow a party to plead and conduct their **own** cases personally or by way of counsel. 28 U.S.C. § 1654. In addition, the Middle District of Florida permits only licensed and admitted attorneys, as well as certain eligible law students, to appear as counsel in

3

proceedings before it.  *See* Local Rules 2.01(a)(b), 2.02, 2.05, U.S. Dist. Ct., M.D. Fla.

As a private citizen, Mr. Fisher has no standing to file suit for injury to anyone other than himself.  Generally, courts have broad discretion in deciding who may practice before them.  *U.S. v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir 1976).[1]  "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (2006). "Nevertheless, appearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity."  *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997) (holding that an administrator or an executor of an estate could not appear *pro se*); *see also, C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (non-lawyer could not appear *pro se* on behalf of trust).

With respect to any putative claims Plaintiff wishes to assert on his own behalf, Plaintiff has failed to state a cause of action.  To obtain relief under 42 U.S.C. § 1983, a plaintiff must meet two elements: (1) the conduct complained of must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States.  *See Rivers v. Campbell*, 791 F.2d 837, 839 (11th Cir. 1986) (per curiam).  However, only an *injured party* may bring a claim under section 1983.  *See* 42 U.S.C. § 1983 (emphasis added).  In this case, Plaintiff has failed to allege any facts to suggest that he had suffered any injury

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

as a result of Defendants' conduct (*see* Doc. #1). Even if Plaintiff were able to show that he was indeed personally injured by the alleged actions of Defendants, he has failed to allege any facts showing that the Defendants' conduct deprived him of any rights or privileges secured by the Constitution or laws of the United States. Consequently, Plaintiff has failed to state a cause of action under section 1983.

As indicated above, the Eleventh Circuit has found that courts should permit *pro se* litigants, who are seeking *in forma pauperis* status, the opportunity to amend a deficient complaint before dismissing it pursuant to section 1915 for failure to state a claim. *Troville*, 303 F.3d at 1260, n.5. It should be noted, however, that Plaintiff has been filing *pro se* actions in this Court for over ten years.[2] The vast majority of Plaintiff's *pro se* actions have been dismissed either as frivolous or due to a failure to state a claim upon which relief may be granted. Plaintiff is therefore deemed to be more familiar with the Rules of Procedure and the proceedings in federal court than would be an individual appearing *pro se* for the first time.

Accordingly, upon due consideration it is hereby **ORDERED:**

1. Plaintiff is directed to file an amended complaint in conformance with all applicable rules and statutes **not later than Friday, April 1, 2011. Failure to file an amended complaint as directed by this Order will result in a recommendation to the district judge that this case be dismissed.**

2. The Court takes Plaintiff's motion to proceed *in forma pauperis*, as construed from the Affidavit of Indigency (Doc. #3),under advisement until Plaintiff has complied with

---

[2]It appears to the Court that Plaintiff James Fisher has filed in excess of sixty (60) civil cases in the Middle District of Florida.

paragraph 1 or time denoted therein has expired.

3. Plaintiff's motion seeking issuance of arrest warrant (Doc. #2) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of March, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
*Pro Se* Plaintiff