**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES FISHER,

        Plaintiff,

vs.                                CASE NO.  3:11-cv-219-J-99TJC-TEM

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
c/o MR. SAPP,

        Defendants.

_____

## REPORT AND RECOMMENDATION[1]

    This case is before the Court on Plaintiff's complaint (Doc. #1, complaint) and Plaintiff's Affidavit of Indigency (Doc. #3, affidavit), which contains Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The Court has previously construed the Affidavit of Indigency as a motion for its consideration.  *See* Doc. #6, Court Order.  Upon initial review of the complaint and the affidavit, the Court noted several deficiencies, which it then afforded Plaintiff an opportunity to correct by the close of business on April 1, 2011.  *See* Doc. #6, Court Order.  Plaintiff has not yet amended his complaint as directed.  Accordingly, the matter is now ripe for the Court's review.

    The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees or security. 28 U.S.C. § 1915(a)(1).

_____

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

The Court's decision to grant *in forma pauperis* status is discretionary (*Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983)) and should be "bestowed only upon those who are truly indigent." *Antonelli v. Bureau of Alcohol, Tobacco and Firearms*, 1985 WL 1613, *1 (N.D. Ill. May 28, 1985).   Plaintiff filed an affidavit which indicates he is without the financial resources to commence and litigate this action.  However, when an application to proceed *in forma pauperis* is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.

Here, Plaintiff's complaint fails to state a cause of action cognizable in federal court. In his complaint, Plaintiff invokes the Court's jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1331, yet no federal law is identified as a basis for the suit (Doc. #1 at 2).  Plaintiff merely states he is pursuing a claim for "sexual harassment" (Doc. #1 at 2).  Given the Defendants named in this case, it appears to the Court that Plaintiff may be attempting to state a cause of action under 42 U.S.C. § 1983.  The complaint, however, fails to assert sufficient facts for an actionable claim upon which relief might be granted under section 1983.

Plaintiff asserts that, on or about March 1, 2011, Plaintiff's alleged same-sex spouse, Ian Andino (Mr. Andino), attended his monthly appointment with his probation officer, Defendant Sapp (Doc. #1 at 3).  Defendant Sapp allegedly told Mr. Andino that "[Mr. Andino's] girlfriend is a male" (Doc. #1 at 3).  Apparently, this was "not news" to Mr Andino; however, Mr. Andino has "emotional problems" and he became upset (Doc. #1 at 3).  After his return home, Plaintiff had to "quiet him down" (Doc. #1 at 3).  Plaintiff complained about

2

the incident to Defendant Sapp's supervisors without success (Doc. #1 at 3).  On March 2, 2011 after Plaintiff informed Defendant Sapp's supervisor of his intent to file a complaint in federal court, Defendant allegedly moved Mr. Andino against Mr. Andino's will to "a place where [there] is people shooting each other and drugs on every corner–thereby endangering [Mr. Andino's] life" (Doc. #1 at 3).

As an initial matter, Plaintiff does not specify whether based on the alleged facts, he asserts  a claim based on his own behalf or on behalf of Mr. Andino.  Plaintiff merely states that this is "a clear case of sexual harassment" (Doc. #1 at 2). Giving Plaintiff every benefit of the doubt, the Court has considered Plaintiff's complaint under both the perspective of a claim filed on behalf of Plaintiff and a claim filed on behalf of Mr. Andino.

With respect to any claims Plaintiff wishes to assert on behalf of Mr. Andino, federal courts allow a party to plead and conduct their **own** cases personally or by way of counsel. 28 U.S.C. § 1654.  In addition, the Middle District of Florida permits only licensed and admitted attorneys, as well as certain eligible law students, to appear as counsel in proceedings before it.  *See* Local Rules 2.01(a)(b), 2.02, 2.05, U.S. Dist. Ct., M.D. Fla.

As a private citizen, Mr. Fisher has no standing to file suit for injury to anyone other than himself.  Generally, courts have broad discretion in deciding who may practice before them.  *U.S. v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir 1976).[2]  "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes

_____

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

therein." 28 U.S.C. § 1654 (2006).  "Nevertheless, appearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity."  *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997) (holding that an administrator or an executor of an estate could not appear *pro se*); *see also*, *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (non-lawyer could not appear *pro se* on behalf of trust).

With respect to any putative claims Plaintiff wishes to assert on his own behalf, Plaintiff has failed to state a cause of action.  To obtain relief under 42 U.S.C. § 1983, a plaintiff must meet two elements: (1) the conduct complained of must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States.  *See Rivers v. Campbell*, 791 F.2d 837, 839 (11th Cir. 1986) (per curiam).  However, only an *injured party* may bring a claim under section 1983.  *See* 42 U.S.C. § 1983 (emphasis added).  In this case, Plaintiff has failed to allege any facts to suggest that he had suffered any injury as a result of Defendants' conduct (*see* Doc. #1).  Even if Plaintiff were able to show that he was indeed personally injured by the alleged actions of Defendants, he has failed to allege any facts showing that the Defendants' conduct deprived him of any rights or privileges secured by the Constitution or laws of the United States.  Consequently, Plaintiff has failed to state a cause of action under section 1983.

Because the courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers,  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), in an abundance of caution, the Court provided Plaintiff an opportunity to amend his complaint. The Court provided Plaintiff with specific directions concerning a properly amended

complaint.  Plaintiff has failed to file an amended complaint.

A suit if frivolous "where it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing the complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled."  *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).   However, liberal construction cannot serve as a substitute for establishing a cause of action.   *See GJR Investments, Inc. v. County of Escambia Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).  The Court finds Plaintiff's original complaint to be frivolous on its face and therefore **recommends Plaintiff's request to proceed *in forma pauperis* be DENIED and this action be DISMISSED without prejudice to Plaintiff refiling a properly amended, paid complaint**.

**DONE AND ENTERED** at Jacksonville, Florida this 5<u>th</u> day of April , 2011.


Copies to:
The Hon. Timothy J. Corrigan
*Pro Se* Plaintiff
Counsel of Record, if any

**THOMAS E. MORRIS**
United States Magistrate Judge